O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARGARET MADA,                         ) Case No. CV 11-10019-OP
                                       )
            Plaintiff,                 )
                                       )
       v.                              ) MEMORANDUM OPINION AND
                                       ) ORDER
MICHAEL J. ASTRUE,                     )
Commissioner of Social Security,       )
                                       )
            Defendant.                 )
                                       )

     The Court[1] now rules as follows with respect to the disputed

issue raised in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

/ / /

_____

     [1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the
United States Magistrate Judge in the current action.  (ECF Nos. 8, 9.)

     [2] As the Court advised the parties in its Case Management Order, the
decision in this case is being made on the basis of the pleadings, the
Administrative Record ("AR"), and the JS filed by the parties.  In accordance with
Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined
which party is entitled to judgment under the standards set forth in 42 U.S.C. §
405(g).  (ECF No. 6 at 3.)

## I.

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issue raised by Plaintiff as the ground for reversal and/or remand is whether the Administrative Law Judge ("ALJ") complied with this Court's remand orders regarding the evaluation of Dr. Hirsch's opinions.  (JS at 3.)

## II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (citation omitted).  The Court must review the record as a whole and consider adverse as well as supporting evidence.  Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld.  Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## III.

## DISCUSSION

A.      **Summary of the Case.**

On December 2, 2004, Plaintiff filed an application for a period of disability, disability insurance benefits, and Supplemental Security Income benefits, alleging the onset of disability commencing March 20, 2002.  (AR at 62-

64, 65-67.)

On March 15, 2005, the Commissioner denied the applications for benefits. (Id. at 39-42, 43-47.)  Plaintiff sought reconsideration of that determination.  (Id. at 54.)  On May 26, 2005, the Commissioner denied the request for reconsideration.  (Id. at 55-59.)  Plaintiff then filed a request for a hearing before an ALJ.  (Id. at 60.)

On February 6, 2007, the ALJ presided over the hearing, and took testimony from Plaintiff and a vocational expert ("VE").  (Id. at 484-526.)  On February 27, 2007, the ALJ issued a decision to deny benefits.[3]  (Id. at 11-24.)  Plaintiff requested review of that decision.  (Id. at 9.)  On May 16, 2007, the Appeals Council denied the request for review.  (Id. at 5-8.)  Plaintiff then filed a civil action, seeking review of the Commissioner's final decision.  On July 9, 2008, this Court reversed and remanded this matter for further administrative proceedings. (Id. at 661-71.)

On February 18, 2010, the ALJ presided over the hearing for the second time and took testimony from Plaintiff and a VE.  (Id. at 689-707.)  On March 11, 2010, the ALJ issued a decision to deny benefits.  (Id.  at 575-92.)

Plaintiff requested review of that unfavorable decision.  (Id. at 571-74.)  On October 19, 2011, the Appeals Council denied the request for review.  (Id. at 527-29.)

---

[3]  The ALJ found that Plaintiff had the medically determinable impairments of a back disorder (discogenic disease of the cervical and lumbar spines); mental depression (depressive disorder, not otherwise specified); and an anxiety disorder (adjustment disorder).  (AR at 16.)  He found that her mental impairments did not qualify as a severe impairment.  (Id. at 21.)  He concluded that she had the residual functional capacity ("RFC") for light work without additional limitations, and that she was capable of performing her past relevant work as a transcribing machine operator (sedentary exertion); administrative assistant (sedentary exertion); and medical secretary (sedentary exertion).  (Id. at 23.)

3

**B.   Discussion.**

In its July 9, 2008, Memorandum and Order ("Order") remanding the matter, the Court noted that the ALJ concluded that the Plaintiff's "mental impairments of an anxiety disorder and mental depression have not caused any restriction on the [Plaintiff's] activities of daily living, and have provided only mild limitations on her social functioning and ability to maintain concentration, persistence and pace." (Id. (citing id. at 22).) The Court found that although the ALJ's decision cited as medical evidence the "Permanent and Stationary Psychological Evaluation" findings conducted by Dr. Hirsch for the purposes of Plaintiff's workers' compensation claim, the ALJ failed to adequately "translate" Dr. Hirsch's use of workers' compensation terminology for the purposes of analyzing Plaintiff's social security disability claim as to her mental impairments. (Id. (citing id. at 18)); see also Booth v. Barnhart, 181 F. Supp. 2d 1099, 1109 (C.D. Cal. 2002). The Court concluded that the ALJ failed to consider the definitional differences between the workers' compensation system and the Social Security Act when he determined that the Plaintiff's mental impairments did not qualify as a severe impairment, and remanded the matter for further consideration of this issue.

On remand, the ALJ again found that Plaintiff had the medically determinable impairment of "mental depression (depressive disorder, not otherwise specified) and an anxiety disorder (adjustment disorder)," but that these impairments did not qualify as a severe impairment. (Id. at 582, 588.)

In compliance with this Court's Order, the ALJ thoroughly discussed the differences between the definitions of "slight," "slight-to-moderate," and "moderate" as used by the California Workers' Compensation system and the Social Security disability evaluation process. (Id. at 584-85 n.4.) He concluded that even giving Plaintiff the benefit of the doubt and construing the workers' compensation definitions liberally, none of Dr. Hirsch's findings corresponded to

4

1    a "markedly limited" finding with regard to Plaintiff's mental limitations.  (Id.)

2         With respect to Dr. Hirsch's evaluation, the ALJ specifically stated:

3              I have considered Dr. Hirsch's evaluation of the claimant's mental
4         impairments under the California workers' compensation scheme.
5         However, I give no significant weight to his assessment because:  (1)
6         There is no indication of a *treating* (as opposed to *evaluating*)
7         relationship.  Although the claimant testified that she received Paxil
8         from Dr. Hirsch, which would indicate a treating relationship, Dr. Hirsch
9         could not have prescribed Paxil since, under California law,
10        psychologists do not have the right to prescribe medication.   Dr.
11        Hirsch's records indicate evaluation, but no treatment.   Consequently
12        Dr. Hirsch's assessment is not entitled to special evidentiary weight as
13        a treating medical source.  (2) Dr. Hirsch's assessment is inconsistent
14        with the weight of the evidence of record, which reveals no limitation
15        secondary to the claimant's alleged mental impairments. (3) Dr. Hirsch
16        has himself questioned the veracity of the claimant's presentation and
17        has indicated that the results of some psychodiagnostic tests completed
18        by [her] are questionable.  However, he appears to have ignored his own
19        doubts in assessing her mental capacity.   Consequently, for these
20        reasons, I have concluded that Dr. Hirsch's assessment is not entitled to
21        significant evidentiary weight.[4]

22   (Id. at 589.)

23        The ALJ thoroughly reviewed the medical evidence of record regarding
24   Plaintiff's mental impairment, including Dr. Hirsch's report, and concluded:

25             The claimant has experienced some depressive symptoms,
26        including insomnia, appetite disturbance, and occasionally feelings of

27   _____

28        [4] In his February 27, 2007, decision, the ALJ did not specifically address
     the weight given to Dr. Hirsch's assessment.

1   hopelessness and helplessness.  However, there is no evidence of record
2   of significant cognitive impairment.  Although the claimant alleges
3   occasional irritability, there is no indication that [she] cannot interact
4   appropriately with supervisors, co-workers, and the general public.
5   Indeed, [she] was able to interact appropriately with all medical
6   professionals of record.  There is no indication that the claimant's
7   feelings of depression in any way limit her ability to carry out her work
8   activities or adjust to routine changes in the workplace. [Her] activities
9   of daily living have not changed due to her mental impairments.  There
10  are no documented side effects of psychotropic medication.  [She] has
11  not been psychiatrically hospitalized nor are there . . . documented
12  episodes of psychotic or severely disorganized behavior that have lasted
13  for an extended period of time.  The consultative psychiatric examiner
14  gave [her] a GAF score of 65, indicating mild severity to her mental
15  impairment.  One of her treating psychiatrists also gave [her] a GAF
16  score of 65.  The State Agency medical consultant opined that [her]
17  mental impairment was not a severe impairment and did not provide any
18  limitations in her activities of daily living, social functioning or ability
19  to maintain concentration, persistence and pace.  He also found there
20  was no evidence that the impairment caused any episodes of
21  decompensation of extended duration.

22  (Id. at 588-89.)

23      Based on the above, the Court finds that the ALJ has substantially complied
24  with the Court's remand order regarding consideration of the definitional terms
25  used by Dr. Hirsch.  Moreover, on remand, the ALJ clearly and properly
26  discounted Dr. Hirsch's opinion based on substantial evidence of record, giving
27  greater weight to the opinions of the consultative psychiatric examiner and the
28  State Agency medical consultant.  (Id.) Thus, there was no legal error in the ALJ's

1  finding that Plaintiff's mental impairments were not severe.

2                                    **IV.**

3                                   **ORDER**

4         Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be

5  entered affirming the decision of the Commissioner, and dismissing this action

6  with prejudice.

7

8  DATED: July 11, 2012

                    _____
8                   HONORABLE OSWALD PARADA
                    United States Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      7